THREADGILL, Acting Chief Judge.
The appellant, the Department of Revenue (DOR), challenges a final order denying its motion to hold the appellee, Carolyn Cook, in contempt for refusing to comply with previous court orders, which directed her to pay past and current child support. We affirm in part and reverse in part.
Carolyn Cook sent one of her children to live with her husband’s mother, Frances Cook, who is also an appellant herein. Frances Cook thereafter received public assistance benefits for the child. In June 1994, DOR filed a petition for child support against Carolyn Cook, seeking both current support and reimbursement for past support paid by the State of Florida to Frances Cook. In January 1995, Carolyn Cook was ordered to seek vocational rehabilitation and to eventually gain employment, so as to become able to meet her support obligations. In May 1995, the trial court entered an order that directed her to pay current and past child support. Upon her failure to pay, DOR filed a motion for civil contempt against her. Hearings on the matter were conducted in both October 1996 and January 1997, with the Attorney General’s office appearing on *768 behalf of both DOR and Frances Cook. At the conclusion of those hearings, the trial court entered a very detailed order denying the motion for contempt. We have examined the record and the order and find no abuse of discretion in the trial court’s conclusion that Carolyn Cook should not be held in contempt due to extensive mitigating record factors. We therefore affirm that part of the final order.
Another portion of the final order directs the Attorney General to show cause in writing, with citations to legal authorities and copies to all parties, the following:
a. Whether the Department of Revenue has authority to deny Frances Cook’s request to terminate AFDC payments;
b. Whether the Office of the Attorney General represents Frances Cook with regard to the claims against both James Cook [the child’s father] and Carolyn Cook and, if so, whether that representation extends to current child support;
c. If the Office of the Attorney General represents Frances Cook with regard to current child support, whether under the Rules of Professional Conduct he can oppose her request to terminate ongoing support; and
d. Whether the court lacks authority to terminate the ongoing, current child support obligations of James Cook and Carolyn Cook in this case upon termination of AFDC payments to Frances Cook and upon Frances Cook’s execution of a written request to the Domestic Relations Depository of the Clerk’s Office for termination of ongoing child support.
The DOR contends that the trial court abused its discretion by including, within its order on the Department’s motion for civil contempt, this show cause order directed to the Office of the Attorney General. We agree and, therefore, reverse that portion of the trial court’s final order.
Affirmed in part; reversed in part.
FULMER and CASANUEVA, JJ., Concur.